In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2509

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN THOMAS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 CR 216-1 — **James B. Zagel**, *Judge.*

SUBMITTED OCTOBER 27, 2016 — DECIDED NOVEMBER 3, 2016

Before POSNER, FLAUM, and RIPPLE, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant pleaded guilty to committing wire fraud, in violation of 18 U.S.C. § 1343, by submitting fraudulent invoices to an Illinois town (Riverdale), which reimbursed him for $374,000 claimed in the invoices but not owed him by the town. The district judge sentenced him to 60 months in prison to be followed by 36 months of supervised release. The appeal challenges the conditions of supervised release and not the prison sen-

tence, but asks us to order a full resentencing of the defendant.

Apart from certain mandatory conditions of supervised release, which are not challenged, the judge at the sentencing hearing imposed (and we quote) the following "discretionary conditions of supervised release, most of which have to do with restitution and money and seeking work, these are number 1; number 2; number 4; number 6 and number 7; number 8; number 9; number 14; number 15; number 16 which includes virtually every place where a probation officer could visit the defendant at a reasonable time. 17, notifying of change in residence. 18, notifying a probation officer promptly within 72 hours of arrest or questioned by a law enforcement officer."

The judge also imposed (again we are quoting) "certain special conditions [of supervised release] which is another list. Under special condition number 3, which requires community service, if there is unemployment for the first 60 days on supervision. Number 5, restricting credit charges. Number 7 is giving the probation officer information as to financial information. Notifying the court, number 7, notifying the court in any material change in defendant's circumstances. This is number 10 under special, he will have to contribute an amount that's at least 10 percent of his net monthly income to the extent that other financial obligations have not been met. And he may not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court."

The number references are to the written judgment (no number, however, was given for the last condition of supervised release that the judge imposed). A sentencing judge is

required to give reasons for the conditions that he imposes; that was not done. The judge should also read the conditions of supervised release to the defendant, *United States v. Kappes*, 782 F.3d 828, 862 (7th Cir. 2015); *United States v. Johnson*, 765 F.3d 702, 710–11 (7th Cir. 2014), along with the rest of the sentence; that was not done either, and the judge did not explain the omission. It's true that *United States v. Bloch*, 825 F.3d 862 (7th Cir. 2016), holds that a judge may during sentencing state that he's incorporating by reference supervised-release conditions listed in his written notice of proposed conditions, but only if the defendant has had an opportunity to review the proposed conditions before sentencing and there is no conflict either between the conditions in the written notice and the conditions actually imposed in the written judgment or between the conditions stated orally by the judge at the sentencing hearing and those in the written judgment. *Id.* at 872–73, citing *United States v. Kappes*, *supra*, 782 F.3d at 862.

In the present case the written notice was prepared by the probation office, but the judge imposed a condition—that the defendant "participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year" that was not in the written notice. Furthermore, the judge imposed special condition 7 twice, the first time incorrectly, saying that "Number 7 is giving the probation officer information as to financial information." No, that is Number 6 in the written judgment, so there is a discrepancy between oral and written, in violation of *Bloch* and *Kappes*.

And finally the judge gave no reason, as he was also required to do, see 18 U.S.C. § 3553(c); *United States v. Kappes*,

*supra*, 782 F.3d at 845–46, for the term of supervised release—36 months—that he was imposing.

The errors we've enumerated were serious. The government joins the defendant in asking us to reverse the judgment with instructions for a full resentencing. See, e.g., *United States v. Harper*, 805 F.3d 818, 822 (7th Cir. 2015); *United States v. Downs*, 784 F.3d 1180, 1182 (7th Cir. 2015).

The judgment is reversed and the case remanded with instructions for a full resentencing of the defendant.