In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 16-1023

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARCUS SHEROD HARRIS,

*Defendant-Appellant,*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
Case No. 13 CR 952 — **Charles P. Kocoras**, *Judge.*

———————————

ARGUED NOVEMBER 4, 2016 — DECIDED DECEMBER 7, 2016

———————————

Before FLAUM and KANNE, *Circuit Judges*, and MAGNUS-STINSON, *District Judge.*[*]

MAGNUS-STINSON, *District Judge*. Marcus Harris committed three armed robberies in 2013, two in Indiana and one in Illinois. He was arrested and charged in state court for one of

———————————

[*] Of the Southern District of Indiana, sitting by designation.

the Indiana robberies. While the Indiana case was pending, federal authorities sent Harris a target letter concerning the Illinois robbery. Harris requested and was appointed a federal public defender, but his federal public defender failed to advise Harris or his state defense attorney of the progress of the federal proceedings before his guilty plea and sentencing in Indiana state court. He was later charged by federal indictment and pled guilty in federal court to the Illinois robbery, and stipulated to the uncharged Indiana robbery as relevant offense conduct.

At his federal sentencing, the parties agreed that Harris' federal public defender's failure to update him about the federal proceedings prejudiced Harris because had he not been convicted in state court, and had all of the robberies been charged in one federal proceeding, his sentencing guideline range in his federal court case would have been lower. The parties agreed to a hypothetical guideline range to compensate for the federal public defender's error. Harris claims that the district court committed procedural error when it failed to accept the hypothetical guideline range or to explain why it rejected it. We disagree and affirm his sentence.

## I. BACKGROUND

In 2013, Harris committed three armed robberies as a member of an organized group of armed robbers: 1) on January 28, 2013, he robbed a T-Mobile store in Schererville, Indiana; 2) on January 31, 2013, he robbed a Sprint store in Addison, Illinois; 3) and on February 4, 2013, he robbed an AT&T store in LaPorte, Indiana. Shortly after the last robbery, he was arrested by Indiana authorities and charged in state court for the robbery in LaPorte. While in state custody, Harris received a target letter from federal authorities informing him that he

might be charged in federal court for the robbery in Addison. In early March 2013, Harris requested and was appointed a federal public defender to represent him with respect to any federal charges. The parties agreed that his federal public defender failed to advise him or his state defense attorney of the progress of the federal proceedings.[1]

Harris pled guilty in state court on December 20, 2013, and was sentenced to ten years in prison on January 24, 2014. On February 6, 2014, Harris was charged by federal indictment for the robbery in Addison and for brandishing a firearm during the robbery. On January 8, 2015, he pled guilty to Count 2 for robbery and Count 3 for brandishing a firearm. As part of the plea agreement, he stipulated that he committed the robbery in Schererville and agreed to its consideration as relevant conduct for purposes of the sentencing guidelines.

On December 10, 2015, the district court conducted Harris' sentencing. Harris' counsel pointed out that the parties agreed to a lower sentencing guideline range because they recommended grouping Harris' conviction in state court as though it were part of his federal case rather than as a separate state court conviction. This hypothetical guideline calculation would have resulted in an adjusted offense level of 28 and a criminal history category of III, which would have given the district court a hypothetical sentencing guideline range of 97 to 121 months for Count 2. The parties agreed that this hypothetical sentencing guideline range was a way to ameliorate

---

[1] A criminal complaint was filed in federal court on December 6, 2013, and it detailed three robberies, including the robbery in Addison. It named two codefendants and referenced several potential unnamed codefendants. Harris was later identified as one of the unnamed codefendants when he was charged by federal indictment on February 6, 2014.

the federal public defender's failure to notify Harris or his state defense attorney about the federal proceedings. The parties also raised other considerations, including that Harris had already served three years of his state court sentence and that his federal sentence should run concurrently with his state court sentence.

After considering the parties' recommendation, the district court determined that because Harris did plead guilty in state court, that conviction was part of his criminal history rather than a grouped offense in his federal case. Given this fact, the district court calculated an adjusted offense level of 27[2] and a criminal history category of IV, which resulted in a guideline range of 100 to 125 months for Count 2 with a mandatory consecutive sentence of 84 months for Count 3. Rejecting the Government's recommendation of 204 months, the district court calculated a sentence of 196 months—112 months for Count 2 and 84 months consecutive for Count 3—but it reduced the sentence by 36 months to give Harris credit for the three years that he served in state custody. The district court sentenced Harris to a total of 160 months in federal custody to run concurrently with his state court sentence.

## II. ANALYSIS

Harris argues that the district court erred when it failed to adopt the hypothetical sentencing guideline range or explain why it rejected it. Harris reiterates that the parties agreed to this recommendation because of the error by Harris' federal public defender.

---

[2] The District Court applied the 2015 Sentencing Guidelines, which resulted in a lower offense level.

In response, the Government claims that the district court did address this issue and that it gave Harris every consideration that he requested in his sentence. The Government asserts that the district court's treatment of Harris' Indiana conviction as a prior conviction and not as a stipulated offense was proper under the Guidelines.

We review *de novo* a district court's sentencing procedures. *United States v. Howard*, 729 F.3d 655, 664 (7th Cir. 2013). The district court commits procedural error by not adequately explaining its choice of sentence. *United States v. Spiller*, 732 F.3d 767, 769 (7th Cir. 2013) (citing *United States v. Schlueter*, 634 F.3d 965, 966–67 (7th Cir. 2011)). It must show that it exercised its discretion by commenting on a defendant's principal arguments that are "not so weak as not to merit discussion;" however, "little explanation is necessary when a court decides to impose a sentence within the Guidelines range." *Howard*, 729 F.3d at 664 (citations omitted).

At the outset of Harris' sentencing hearing, the district court acknowledged the parties' hypothetical guideline calculation. The district court noted, however, that because Harris had in fact been convicted in state court, his adjusted offense level was 27 and his correct criminal history category was IV, which resulted in a sentencing guideline range of 100 to 125 months. The district court further explained that whether it followed the parties' recommendation or not, it was aware of the difference and indicated that it was under no obligation to adopt the hypothetical sentencing guideline range because the state court conviction had actually occurred. Thus, the district court sufficiently considered the issue and committed no error. *See United States v. Gary*, 613 F.3d 706, 711 (7th Cir. 2010) ("The district court is required only to consider the argument,

at least to the extent it pointed to anything unusual about …
[the] circumstances, and to provide a sufficient explanation of
its treatment of the issue.").

In addition, the district court afforded Harris considerable
leniency in determining his sentence. After considering the
parties' arguments and the sentencing factors pursuant 18
U.S.C. § 3553(a), the district court concluded that the proper
sentence for Harris was 196 months. It then subtracted 36
months to account for the three years that Harris had served
in state custody, which resulted in a sentence of 160 months.
It further ordered the sentence to run concurrently with his
state court sentence. The sentence imposed was below both
the hypothetical and actual guideline ranges. We therefore
conclude that the district court committed no error, ade-
quately addressed Harris' arguments, and sufficiently ex-
plained its below guidelines sentence.

Harris further claims that after the district court imposed
his sentence, it failed to ask whether it addressed the parties'
main arguments as directed by *United States v. Garcia-Segura*,
717 F.3d 566 (7th Cir. 2013). In *Garcia-Segura*, we encouraged
district courts to inquire whether defense counsel is satisfied
that the court has addressed the defense's principal argu-
ments after imposing a sentence but before advising the de-
fendant of his right to appeal. *Id.* at 569. Although the district
court did not make this specific inquiry, it did inquire of each
party whether the court had omitted anything. Harris clearly
understood the import of this inquiry, as he responded by ask-
ing if the court would order that the sentence begin immedi-
ately and if the court would recommend a facility near Chi-
cago. The district court affirmatively responded to both re-

quests. We find no error, as Harris was both given an opportunity to respond, and did respond, following the district court's determination of his sentence.

In any event, the district court's shorthand question here would be harmless error—if any—given that Harris was able to appeal the sentencing issue rather than having it deemed waived. *See United States v. Cruz*, 787 F.3d 849, 850 (7th Cir. 2015) ("[Defendant's] arguments were waived when, at the end of the sentencing hearing, the judge asked if he had addressed all of the arguments, and [Defendant's] lawyer answered yes.").

### III. CONCLUSION

For the reasons noted above, we AFFIRM Harris' sentence.