In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 18-1304

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JASON GALLOWAY,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Southern District of Indiana, Evansville Division.
No. 3:16-cr-00012-RLY-MPB-1 — **Richard L. Young**, *Judge.*

_____

ARGUED DECEMBER 4, 2018 — DECIDED MARCH 4, 2019

_____

Before BAUER, KANNE, and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Jason Galloway pleaded guilty to possessing ammunition as a felon. He now appeals his sentence, raising an unpreserved argument that the district court used an incorrect guideline range. We dismiss his appeal, however, because in his plea agreement Galloway waived his appellate rights.

## I.

On January 21, 2016, police officers responded to a domestic violence 911 call from Galloway's ex-wife in Evansville, Indiana. The officers found Galloway a short distance from his ex-wife's house and arrested him. A search incident to arrest yielded four bullets from his pant pocket. Galloway, a convicted felon, was indicted for violating 18 U.S.C. § 922(g)(1) by possessing a firearm (a revolver found at his ex-wife's house) and ammunition (the bullets in his pocket).

Before trial, the parties reached an agreement in which Galloway pleaded guilty to the ammunition count in exchange for dismissal of the firearm count (among other things). The written plea agreement that Galloway signed contained the following appellate waiver, which we repeat in full because of its importance to this case:

> **24.    Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further agrees that in the event the Court sentences the defendant to a sentence higher or lower than any recommendation of either party, regardless of the defendant's criminal history category or how the sentence is calculated by the Court,

>then the defendant expressly waives the defendant's right to appeal the sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions [of] supervised release and the amount of any fine.

Petition to Enter Plea of Guilty and Plea Agreement at ¶24, ECF No. 68.

The second sentence in the paragraph above explains Galloway unconditionally waived his right to appeal his conviction. With respect to sentencing issues, however, the third sentence conditions Galloway's appellate waiver on a deviation by the district court from a recommendation made by one of the parties.

At the change of plea hearing, the district court reviewed the language of the appellate waiver verbatim. The district court also engaged in the following colloquy with Galloway:

>**THE COURT:** Mr. Galloway, what this paragraph tells us is that in exchange for concessions made to you by the United States in arriving at this plea agreement, if I accept the plea agreement and sentence you pursuant to the plea agreement, then you'll be giving up or waiving your right to appeal the conviction and sentence in this case to a higher court. Is that your understanding as well?

>**GALLOWAY:** Yes, sir.

> **THE COURT:** Did you discuss this with your attorney?
>
> **GALLOWAY:** Yeah, we did.
>
> **THE COURT:** Is this all voluntary?
>
> **GALLOWAY:** Yes.

Following this exchange, the district court accepted Galloway's guilty plea and set a date for sentencing.

The probation officer's sentencing recommendation stated Galloway's guideline range would have been 130 to 162 months in prison, were it not capped by the 120-month statutory maximum. The government filed a sentencing memorandum asking the district court to give Galloway the full 120 months. Galloway did not file a sentencing memorandum, nor did he lodge any written objections to the probation officer's guideline calculations.

At sentencing, Galloway's attorney told the court he had determined, after reviewing the Sentencing Guidelines and applicable case law, that "there was no way to make an objection to the probation officer's findings" and that he believed her guideline calculations were correct. Defense counsel did argue the guideline range "clearly overstate[s] the events that took place that night and can and should be addressed by way of a departure by this Court." For its part, the government reiterated its position that 120 months was the correct prison term.

After hearing argument, the district court sentenced Galloway to 120 months in prison, three years of supervised release, a $1,000 fine, and a $100 special assessment. The district court also informed Galloway that, in its opinion,

Galloway had waived his appellate rights because the sentence was "pursuant to the plea agreement" and "below what the guidelines call for." Galloway nevertheless appealed the sentence.

**II.**

A defendant may waive appellate rights through a plea agreement, assuming such waiver is voluntary and knowing. *United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016) ("Generally speaking, appeal waivers are enforceable and preclude appellate review.") (citing *United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002)); *see also United States v. Malone*, 815 F.3d 367, 370 (7th Cir. 2016). A written appellate waiver signed by the defendant will typically be voluntary and knowing, and thus enforceable through dismissal of a subsequent appeal. *United States v. Williams*, 184 F.3d 666, 668 (7th Cir. 1999).

Here, Galloway does not dispute that he voluntarily and knowingly agreed to the waiver in his plea agreement—a sensible concession after his plea colloquy. Galloway instead argues the waiver, according to its own terms, does not apply. *See Garza v. Idaho*, No. 17-1026, 2019 WL 938523, at *4 (U.S. Feb. 27, 2019) ("As courts widely agree, a valid and enforceable appeal waiver only precludes challenges that fall within its scope.") (internal punctuation marks and citation omitted); *see also United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). Galloway asserts the district court did not impose a "sentence higher or lower than any recommendation of either party" because it followed the government's recommendation for a 120-month prison term and he (allegedly) did not make any "recommendation" whatsoever.

We interpret plea agreements—including appellate waivers contained within them—according to ordinary principles of contract law. *Malone*, 815 F.3d at 370. Unambiguous terms must be given their plain meaning. *Id*. But we consider the parties' reasonable expectations and construe ambiguous terms in the light most favorable to the defendant. *United States v. O'Doherty*, 643 F.3d 209, 217 (7th Cir. 2011); *see also United States v. Quintero*, 618 F.3d 746, 751 (7th Cir. 2010).

The language used in this appellate waiver is unusual.[1] If the district court did not deviate from "any recommendation" made by either party regarding sentencing, then the waiver is not triggered. Thus, the viability of Galloway's appeal relies on his premise that his lawyer's sentencing arguments did not constitute a recommendation because they did not include a specific proposal for a certain length of incarceration. We see no authority for such a restrictive interpretation of the term "recommendation."

True, sentencing recommendations often take the form of a requested term of imprisonment, which frequently includes a number or range of months. *See*, *e.g.*, *Santobello v. New York*, 404 U.S. 257, 259 (1971) (government "recommended the maximum one-year sentence"); *United States v. Peterson*, 891 F.3d 296, 300 (7th Cir. 2018) (defendant filed a "recommendation" asking "for a sentence of only one day time served"). But the word "recommendation" (as used in the context of federal sentencings) does not exclusively refer to a proposed length of custody: other suggestions regarding the terms of a

---

[1] Counsel for both parties represented to the court at oral argument that, in their experience, the waiver language at issue is uncommon in federal plea agreements and perhaps a unique local practice.

defendant's sentence count as well. *See, e.g.*, *United States v. Smith*, 906 F.3d 645, 648 (7th Cir. 2018) (referring to proposed supervised release conditions as part of a "sentencing recommendation"); *United States v. Stochel*, 901 F.3d 883, 887 (7th Cir. 2018) (calling proffered offense level calculations "sentencing recommendations"); *United States v. Harris*, 843 F.3d 311, 313 (7th Cir. 2016) (describing a joint "recommendation" regarding criminal history calculations); *United States v. Morris*, 836 F.3d 868, 869 (7th Cir. 2016) (explaining a plea agreement required the government "to make several specific sentencing recommendations" on different issues).

Although Galloway's lawyer may not have spelled out the number of months he proposed Galloway should spend behind bars, he unmistakably advocated for a below-guideline sentence. He told the district court, "[T]he findings of the probation officer clearly overstate the events that took place that night and can and should be addressed by way of a departure by this Court." Defense counsel concluded his argument by saying, "While I agree the criminal history speaks for itself, I also think there's a whole lot more to this story and how this fit[s] together, and I do think Jason is an appropriate person for the Court to issue a departure on." Galloway's lawyer's comments can be read only as a request that the district court sentence Galloway to something less than the 120-month statutory maximum. Such statements constitute a "recommendation" for purposes of the plea agreement. *See Recommendation*, BLACK'S LAW DICTIONARY (10 ed. 2014) ("A specific piece of advice about what to do, esp. when given officially."); *see also Recommend*, BALLENTINE'S LAW DICTIONARY (3d ed. 2010) ("To advise in favor of a course of action to be taken."); *Recommend*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1961)

("[T]o mention or introduce as being worthy of acceptance, use, or trial.").

To be sure, there exists a grey area between simple oral advocacy at a hearing and making a sentencing "recommendation." *Compare United States v. Lewis*, 842 F.3d 467, 475 (7th Cir. 2016) (holding the government did not make a recommendation when describing the defendant's conduct as "horrific," "egregious," "aggravated," etc.) *with United States v. Salazar*, 453 F.3d 911, 914 (7th Cir. 2006) (noting the government may breach a commitment to recommend a particular sentence by "requesting a light sentence while simultaneously arguing forcefully that a defendant is vicious"). But even if Galloway's lawyer did not understand he was making a recommendation, this would not render the term "recommendation" ambiguous. *Cf.* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 31–32 (2012) (distinguishing ambiguity from vagueness and noting "[a] word or phrase is ambiguous when the question is which of two or more meanings applies; it is vague when its unquestionable meaning has uncertain application to various factual situations"); *Vesuvius USA Corp. v. American Commercial Lines LLC*, 910 F.3d 331, 334 (7th Cir. 2018) (recognizing a term is not ambiguous merely because the parties disagree as to the proper interpretation). Galloway's interpretation proposes he could have his cake and eat it too: defense counsel could advocate for a below-guideline prison term so long as he avoided magic words triggering the appellate waiver. Such a strained interpretation of "recommendation" is not reasonable.

In short, the argument by Galloway's lawyer asking the district court to depart from the guideline range qualifies as a "recommendation" within the plain meaning of the plea

agreement's appellate waiver. Although the waiver language used in this plea agreement is anomalous, that does not render Galloway's voluntary and knowing waiver of his appellate rights any less valid or enforceable. *Cf. Williams*, 184 F.3d at 669 ("[T]he fact that we could envision a more precise colloquy does not alone render this appeal waiver invalid.").

## III.

Because Galloway waived his appellate rights, we have no occasion to reach his merits arguments. *United States v. Jemison*, 237 F.3d 911, 916 (7th Cir. 2001). This appeal is DISMISSED.