**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 26, 2021[*]
Decided July 29, 2021

**Before**

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1021

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-cr-42-PP |
| CHRISTOPHER P. TOWNSEND, *Defendant-Appellant*. | Pamela Pepper, *Chief Judge*. |

**O R D E R**

Christopher Townsend was sentenced to 366 days in prison and 3 years of supervised release after pleading guilty to providing a firearm to a convicted felon. *See* 18 U.S.C. § 922(d). But the written judgment contains conditions of release that diverge from those contemplated at sentencing, and it also contains monetary penalties not discussed at sentencing. Following the suggestion of the parties, we vacate those

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

portions of the judgment and remand for the limited purpose of allowing the district court to hold a hearing to reconsider those aspects of the sentence.

Townsend was sentenced for selling a gun and drugs to an informant that he knew to be a felon. After he pleaded guilty to the gun charge, the probation office prepared, and provided to Townsend's counsel, his presentence investigation report. The report recommended mandatory and discretionary conditions of supervision. At Townsend's sentencing hearing, the district judge postponed adopting the conditions of supervised release until after the hearing:

> The Court: Mr. Uller, did you have a chance to go over the proposed conditions of supervision and to determine whether there are any of those that you and Mr. Townsend disagree with?

> Mr. Uller: Judge, we actually have not had that conversation. But if the Court is inclined, I can have that conversation with Mr. Townsend, and … notify the Court if that's okay.

> The Court: Yeah, that's fine. If you could let me know perhaps by Monday or Tuesday of next week whether there are any of the conditions to which you and Mr. Townsend object. And if so, we can either have a telephone hearing or a zoom hearing and discuss that.

Townsend and the government left the hearing believing that the judge had tentatively adopted the conditions of release in the PSR and would formally adopt them if Townsend did not later object to them. After the hearing, Townsend stated that he had no objections, and the judge wrote that she adopted the PSR. But as the parties agree, the written judgment impermissibly varies from both the PSR and the judge's statements at sentencing because it contains different discretionary conditions of supervision. It also contains an additional monetary-payment requirement.

On appeal, Townsend seeks to correct the written judgment, an outcome to which the government does not object. He signed an appeal waiver, but the government does not seek to enforce the waiver; thus the appeal may proceed. *See Garza v. Idaho*, 139 S. Ct. 738, 744–45 (2019). At the sentencing hearing, the judge stated that she would later adopt the conditions of supervised release proposed in the PSR, if Townsend did not object to them, a practice that we have permitted. *See United States v. Bloch*, 825 F.3d 862, 872–73 (7th Cir. 2016). But that practice requires that the defendant receive a reasonable opportunity to review and object to any later-adopted conditions; otherwise

a conflict may arise between the proposed conditions and those in the written judgment. *Id.* at 872. That conflict—between those proposed in the PSR and those reflected in the judgment—occurred here.

We describe three discrepancies. The PSR proposed requiring that Townsend "allow the probation officer to visit [him] at reasonable times, at home or other reasonable locations." The reasonable-location requirement, however, is absent from the written judgment: "[Townsend] must permit a probation officer to visit him at reasonable times at home or elsewhere." The difference is not mere semantics—we have criticized a similar "or elsewhere" condition because it lacked a reasonableness limitation. *See United States v. Henry*, 813 F.3d 681, 683–84 (7th Cir. 2016). Two further examples include the PSR's proposed conditions that would have had Townsend report to the probation office in the district where he resides (the Eastern District of Wisconsin) and follow only those instructions "designed to make sure [that he] complies with the conditions of supervision." Meanwhile, the written judgment requires that Townsend report to the probation office in the district where he is released within 72 hours of release (currently the Northern District of Illinois) and that he broadly "follow the instructions of the probation officer." These types of discrepancies require correction. *See United States v. Strobel*, 987 F.3d 743, 748–49 (7th Cir. 2021).

Beyond the conditions of supervision, the judgment also ordered that Townsend participate in the Inmate Financial Responsibility Program, another deviation from the oral sentence. At Townsend's sentencing, the judge instructed Townsend only to pay a $100 special assessment. But then in the judgment she required that Townsend also participate in the IFRP—a requirement, we note, that courts cannot legally impose. *See United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010).

Without expressing a preference, Townsend argues that we may correct these errors in three ways: (1) remanding for plenary resentencing; (2) vacating all the conditions of release (and IFRP participation) and ordering a limited remand for a hearing on them (this is the government's preference); or (3) correcting the judgment ourselves. *United States v. Smith*, 906 F.3d 645, 651 (7th Cir. 2018). The last option is inappropriate because the judge's intended path, if she had received and considered objections to the differences, is not obvious. *See id.* Plenary resentencing is our usual route, *United States v. Uriarte*, 975 F.3d 596, 600 n.2 (7th Cir. 2020), but a limited remand is an option if we are convinced that not all parts of the sentence must be revisited. *United States v. Manyfield*, 961 F.3d 993, 997 (7th Cir. 2020). Neither party urges that a full resentencing is necessary. We too see no need to revisit the 366-day prison term

because the judge gave ample reasons for it irrespective of the supervised-release conditions. *See United States v. Wylie*, 991 F.3d 861, 865 (7th Cir. 2021). Thus we invoke the second option to vacate only the problematic portions of the judgment and remand.

In light of the problems that we have identified above, we conclude by discouraging district courts from following the practice—employed here—of conditionally imposing conditions of supervised release without having provided the defendant an opportunity to review and object to them during sentencing.

The portions of the judgment imposing the conditions of supervised release and participation in the IFRP are VACATED, and the case is REMANDED for the limited purpose of permitting the district judge to hold a hearing to reexamine those conditions. We otherwise AFFIRM all other portions of the sentence, including the prison term of 366 days.