In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 15-3240

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEREK ORTIZ,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 187 — **Matthew F. Kennelly**, *Judge.*

---

SUBMITTED MARCH 15, 2016 — DECIDED MARCH 28, 2016

---

Before POSNER, KANNE, and ROVNER, *Circuit Judges.*

POSNER, *Circuit Judge.* This appeal is a sequel to one of the four appeals decided by us in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). The appellant, Derek Ortiz, had been sentenced to prison for 135 months for three bank robberies. His appeal did not challenge his prison sentence, but only the conditions of supervised release imposed by the district judge. We reversed the judge's supervised-release rulings, see *id*. at 378–80, and remanded for full resentencing. On

remand the judge reimposed the 135-month prison sentence (though without explanation he said that Ortiz's "total sentence is 131 months") but altered the conditions of supervised release. Ortiz has again appealed, challenging some of those conditions.

A preliminary objection is to the judge's failure at the sentencing hearing to specify the term of supervised release. He had specified three years at the first sentencing hearing, and the three-year term is repeated in his written but not his oral sentence on remand. The oral sentence controls, but given that the judge had specified three years when imposing sentence in the first round of this litigation the parties doubtless assumed that the length of supervised release would again be three years; the judge said that he thought his previous sentence (regarding prison term) had been appropriate and that he was going to impose it "again." We'll also skip over the mandatory conditions imposed on the defendant, since the judge was required to impose them.

The judge imposed 18 discretionary conditions. Most of these are unexceptionable (including one challenged by the defendant—that he obtain his probation officer's permission to borrow money unless he is in compliance with his restitution obligations), but some are questionable. We quote these from the written judgment, because it is slightly clearer than, and generally if not entirely consistent with, the judge's oral statement of the conditions at the second sentencing hearing. When there is a conflict between the oral and the written judgment, the former of course controls. *United States v. Perry*, 743 F.3d 238, 242 (7th Cir. 2014).

Ortiz doesn't challenge all the conditions that we question. But since as we're about to show the case has to be re-

manded because of errors in some of the conditions that were challenged, we'll address errors in the others as well in order to prevent confusion in the district court on remand.

The first of the questionable conditions requires the defendant to "seek, and work conscientiously, at lawful employment" (or pursue a course of study equipping him for such work, but that part of the condition is proper). The problem with the quoted portion of the condition is that read literally it requires him to work even if he can't find a job. As an ex-con he may, however conscientiously he seeks productive employment, be unable to persuade any employer to hire him. This condition needs to be reworded.

Another poorly worded condition requires the defendant to "remain within the jurisdiction where [he] is being supervised, unless granted permission to leave by the court or a probation officer." There is no definition of "jurisdiction," and no reason to think that the defendant would understand what it meant and, if he correctly understood it to denote a geographical area, what the boundaries of that area are.

Another questionable condition permits a probation officer to visit the defendant at any reasonable time at home, at work, or at any other reasonable location specified by a probation officer. It's not clear that allowing the probation officer to visit the defendant at work is a good idea. A stranger entering the workplace will usually be asked why he's there, and when the employer or the other employees learn that he's a probation officer they may doubt the wisdom of continued employment of someone they've discovered from the officer's visit is a convicted criminal under continued government supervision. One needs to distinguish, however, between the probation officer's visiting the defendant at

work, and—what is far less objectionable—visiting the workplace to verify with management that the defendant is indeed employed there. A further objection to the visit-in-the-workplace condition is that it was stated differently in the judge's oral sentence: omitted was any reference to any other "reasonable location" that the probation officer might pick.

Still another questionable condition provides that "if unemployed after the first 60 days of supervision, or … for 60 days after termination or lay-off from employment," the defendant must "perform at least 20 hours of community service per week at the direction of the U.S. Probation Service until gainfully employed," though "the amount of community service shall not exceed 200 hours." The numbers seem arbitrary. It's not easy for ex-cons (especially bank robbers!) to obtain gainful employment; it may often take them more than 60 days, and having to perform 20 hours or more of community service—for the condition requires "at least" 20 hours a week of such service—may eat significantly into job hunting. And one would like to know what "community service" encompasses. Furthermore, the 20-hour figure is in conflict with the judge's oral sentence, which specified 15 rather than 20 hours as the minimum amount of time required to be devoted to community service if the defendant is not gainfully employed. Requiring volunteer work may be a good way to keep probationers gainfully occupied so that they do not get into trouble, and it may also help probationers demonstrate their employability and network with potential employers. But it is important for the judge to explain why the number of hours he chose creates a proper balance between the benefits and the burdens of community service.

The problems we've identified with the conditions of supervised release imposed by the sentencing judge require that he reconsider the conditions. We therefore vacate the sentence and remand for resentencing.