**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2016
Decided August 26, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3105

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:15-CR-30061-DRH-1 |
| ANTHONY J. JOHNSON, *Defendant-Appellant*. | David R. Herndon, *Judge*. |

**O R D E R**

Anthony Johnson was caught with heroin at the Federal Correctional Institution in Greenville, Illinois, while serving a seven-year prison sentence for possessing a firearm after a felony conviction. Johnson had been meeting with a visitor when a guard saw him swallow a small object, and three days later prison staff found in his feces a balloon containing 1.1 grams of heroin. Johnson pleaded guilty to possessing contraband while incarcerated, *see* 18 U.S.C. § 1791(a)(2), (b)(1), and the district court sentenced him to a consecutive, 28-month term of imprisonment. The court also imposed a three-year term of supervised release, a $100 fine, and a $100 special assessment.

Johnson has filed a notice of appeal, but his newly appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744

(1967). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. We invited Johnson to comment on counsel's motion, but he has not done so. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we focus our review on the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In his *Anders* brief, counsel asserts that Johnson does not wish to challenge his guilty plea, and thus he appropriately refrains from discussing the adequacy of the plea colloquy, *see* FED. R. CRIM. P. 11(b), or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel also advises that he reviewed the district court's application of the sentencing guidelines but did not identify a potential claim of error.

Counsel considers whether Johnson could argue that the district court failed to address his arguments in mitigation, including his assertion that a miscalculation of the guidelines imprisonment range when he was sentenced for the gun crime led to an unintended seven-month increase in his prison term for that crime. But appellate counsel correctly recognizes that any possible claim along this line has been waived because former counsel, when asked by the judge if any sentencing argument remained unaddressed, said no. *See United States v. Cruz*, 787 F.3d 849, 850 (7th Cir. 2015); *United States v. Donelli*, 747 F.3d 936, 940–41 (7th Cir. 2014). Moreover, the judge did address this argument by acknowledging his discretion to compensate for the other court's mistake but deciding that each prosecution should "stand on its own."

Counsel also considers whether Johnson could challenge his prison term as unreasonable but correctly rejects that potential claim as frivolous. The 28-month sentence is within the guidelines range of 24 to 30 months and thus is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Fletcher*, 763 F.3d 711, 715 (7th Cir. 2014). Counsel has not identified anything in the record rebutting that presumption, nor have we. The district judge considered the sentencing factors in 18 U.S.C. § 3553(a), emphasizing the serious nature of the crime, including the risk that Johnson was willing to impose on the visitor who smuggled the heroin. The judge also noted Johnson's hesitation to admit facts beyond the bare elements of the offense. Additionally, the judge considered Johnson's background, concluding that this offense was part of a well-established pattern of disregard for authority, as shown by his lengthy criminal history and his disciplinary record while incarcerated. And the judge was unpersuaded by Johnson's argument that he deserved a shorter sentence because he

had been "clean and sober" for the last year, noting that "the history here is a longstanding history of somebody that just doesn't like rules and doesn't like to abide by the rules."

Finally, counsel identifies two conditions of supervised release as potentially problematic: The first requires Johnson to "work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons." *See United States v. Ortiz*, 817 F.3d 553, 555 (7th Cir. 2016) (criticizing similar condition that, if "read literally," would require defendant "to work even if he can't find a job"). The second requires Johnson to allow a probation officer to visit and search his "place of business." *See id.* ("It's not clear that allowing the probation officer to visit the defendant at work is a good idea."). But counsel informs us that Johnson elected not to object after receiving from the probation officer advance notice of the proposed conditions of supervised release. Johnson does not dispute this assertion, and thus we have no reason to believe that he wishes to challenge either condition on appeal. *See United States v. Brown*, 823 F.3d 392, 395 (7th Cir. 2016); *United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014). And even if he did, any challenge to the conditions was waived when former counsel, in response to the district court's question whether Johnson objected to any of the proposed conditions, answered no. *See United States v. Lewis*, 823 F.3d 1075, 1082–84 (7th Cir. 2016). Moreover, if Johnson later perceives these conditions to be problematic after he begins serving the term of supervised release, he would be free to seek modification to the extent authorized by 18 U.S.C. § 3583(e)(2). *See United States v. Neal*, 810 F.3d 512, 516–20 (7th Cir. 2016).

Thus, we GRANT counsel's motion to withdraw and DISMISS the appeal.