In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-4198

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ODELL GIVENS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 CR 421 — **John Z. Lee**, *Judge.*

ARGUED SEPTEMBER 18, 2017 — DECIDED NOVEMBER 14, 2017

Before BAUER, FLAUM, and SYKES, *Circuit Judges*.

BAUER, *Circuit Judge.* On September 6, 2012, a grand jury indicted Odell Givens on three counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Givens pleaded guilty to all four counts on February 14, 2014.

On April 28, 2014, the United States Probation Office filed a Presentence Investigation Report (PSR), which it updated on June 18, 2015. The PSR calculated Givens' total offense level at 37, with a criminal history category of IV, resulting in a Sentencing Guidelines range of 292 to 365 months' imprisonment, followed by a term of supervised release.

Givens made several objections to the PSR in his sentencing memorandum. Specifically, as relevant to this appeal, he objected to the PSR's proposed condition of supervised release that would require him to "remain within the jurisdiction where [he] is being supervised, unless granted permission to leave by the court or a probation officer." Givens argued that, if the court were to impose the condition, he should only be prohibited from "knowingly" leaving the jurisdiction.

The district court held Givens' sentencing hearing in two parts, on December 1 and December 14, 2016. The court overruled Givens' objection to the supervised release condition. It also clarified that the condition's reference to "jurisdiction" meant "the federal district in which he is being supervised" and admonished Givens that it was his responsibility to familiarize himself with the district's boundaries. The court sentenced Givens to 186 months imprisonment followed by five years of supervised release. Givens timely appealed.

## I. DISCUSSION

Givens raises three challenges to his sentence. First, he contends that the court erred by imposing the supervised release condition prohibiting him from traveling outside the jurisdiction without permission. Second, he argues that the written judgment's inclusion of a $400 special assessment was

error because the court failed to include it in its oral pronouncement of his sentence. Finally, he contends that the written judgment erroneously fails to define "excessive use of alcohol."

### A. Supervised Release Condition

18 U.S.C. § 3563(b) sets forth a list of discretionary conditions that district courts may impose as part of a sentence of supervised release. At issue here is the condition that a defendant "remain within the jurisdiction of the court, unless granted permission to leave by the court or a probation officer." *Id*. § 3563(b)(14). Givens argues that the court should not have imposed this condition at all, or alternatively, that the court should have modified the condition to include a knowledge requirement. Because Givens objected to the condition in the district court, we review for an abuse of discretion. *United States v. Douglas*, 806 F.3d 979, 983 (7th Cir. 2015).

Givens contends that the court should not have imposed this condition in any form because, in his case, the condition does not satisfy 18 U.S.C. § 3583(d)(2). That section requires that any condition of supervised release involve "no greater deprivation of liberty than is reasonably necessary for the purposes set forth" in § 3553(a). As we have stated repeatedly, however, this particular condition is administrative in nature and can be imposed whenever a district court adequately explains the need for supervised release in the first instance. *United States v. Warren*, 843 F.3d 275, 281 (7th Cir. 2016); *United States v. Poulin*, 809 F.3d 924, 931 (7th Cir. 2016). Givens does not argue that the court failed to explain its reasons for imposing a term of supervised release. There is no basis,

therefore, to find that the court abused its discretion in imposing this particular condition.

As support for his argument that the court should have included the word "knowingly" in the condition, Givens notes that we have previously stated that this condition "would be improved by explicitly adding a scienter requirement, particularly in a case where it is foreseeable that a defendant will reside near the boundary of two judicial districts." *United States v. Kappes*, 782 F.3d 828, 849–50 (7th Cir. 2015). In a later case, however, we clarified that such language is not mandatory, and that courts may impose this condition without it. *Poulin*, 809 F.3d at 931. There is no contention here that Givens lives on or near the boundary of two districts, and he presents no other compelling argument as to why a scienter requirement would be necessary in his case. The court did not abuse its discretion in denying Givens' request for a modification of the condition.

Finally, we briefly address, and reject, Givens' additional argument that the term "jurisdiction," as used in the supervised release condition, does not refer to a geographical area, but rather the jurisdictional power of the court. Based on that interpretation, he contends that during his supervised release, he should not be confined to the judicial district as the court ordered during the sentencing hearing. As we noted above, however, this condition seeks to satisfy the practical and administrative concerns associated with supervised release, *i.e.*, those having to do with a defendant's physical location. *See, e.g.*, *Warren*, 843 F.3d at 281 (characterizing the condition as one of the "necessary incidents of supervision"). Givens' interpretation would render the condition useless to satisfy those concerns. The district court was correct to clarify that the

condition requires Givens to remain within the judicial district. *See United States v. Ortiz*, 817 F.3d 553, 555 (7th Cir. 2016) (noting that the term "jurisdiction" in this context denotes a geographical area). If Givens wishes to leave the district, he may always seek permission from the court.

## B. Special Assessment and "Excessive" Alcohol Use

Next, Givens argues that there are discrepancies between the sentence announced at the hearing and the court's written judgment that require remand. We conduct a *de novo* review to determine whether a written judgment adequately reflects the court's oral pronouncement at a sentencing hearing. *United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998).

The written judgment detailing Givens' sentence included a $400 special assessment. According to Givens, the court failed to impose the assessment orally and therefore, its inclusion in the written order was error. We disagree. After performing the Guidelines calculation at the hearing, the court stated "[a] special assessment of $100 is mandatory for each count, totaling $400." The court then went on to hear arguments from both sides as to the appropriate sentence. It is true that the court did not revisit the assessment when it formally imposed the sentence at the end of the hearing. By that time, however, the court had already made clear to Givens that the assessment was mandatory and had informed him of the total amount it was required to impose. Therefore, we find that the assessment in the written order adequately reflected the court's oral pronouncement.

At the hearing, the court also imposed a condition of supervised release prohibiting Givens from "excessive" use of

alcohol, which the court orally defined as having a blood alcohol concentration of greater than .08 percent. The written judgment, however, left blank the box designated for the court's definition of "excessive" use of alcohol. Both Givens and the government agree that the court's oral definition controls over the written judgment. *United States v. Alburay*, 415 F.3d 782, 788 (7th Cir. 2005). Therefore, we must remand for the limited purpose of having the apparent scrivener's error on the written judgment corrected to conform with the court's definition of "excessive" alcohol use.

## II.  CONCLUSION

For the foregoing reasons, the sentence is affirmed and the case is remanded for the limited purpose of correcting the written judgment regarding excessive use of alcohol.