In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1130

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DARICK HUDSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cr-00241-1 — **Rebecca R. Pallmeyer**, *Judge.*

ARGUED OCTOBER 31, 2018 — DECIDED NOVEMBER 14, 2018

Before FLAUM, EASTERBROOK, and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Darick Hudson pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Hudson challenges two aspects of the written judgment entered by the district court, each relating to conditions of his supervised release.

First, Hudson asserts a condition prohibiting "excessive use of alcohol" must be clarified, as "excessive" is not defined

and therefore vague. As a matter of common practice, the presentence investigation report ("PSR") includes a number of potential conditions of supervised release, with radio buttons the probation officer checks to indicate those recommended to the district court at sentencing. Hudson's PSR included the following proposed condition: "⊠ (7) you shall refrain from □ any or ⊠ excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%; or □      )." During the sentencing hearing, the district court reviewed that proposed condition, and Hudson's attorney confirmed he had no objection. Yet the corresponding condition in the written judgment entered two days later differed from the PSR, failing to check the definitional box: "During the period of supervised release: … ⊠ (7) you shall refrain from □ any or ⊠ excessive use of alcohol (defined as □ having a blood alcohol concentration greater than 0.08)."[1]

Our precedent holds that a condition of supervised release prohibiting "excessive" alcohol use, without definition, is impermissibly vague. *United States v. Kappes*, 782 F.3d 828, 849 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 376 (7th Cir. 2015); *United States v. Siegel*, 753 F.3d 705, 715 (7th Cir. 2014). This case presents an obvious scrivener's error. At the sentencing hearing, the district court reviewed with counsel the PSR's proposed condition prohibiting "excessive use of alcohol"—defined as a blood alcohol concentration greater than 0.08—and nothing in the record indicates the judge intended to deviate from that definition. In this circumstance, we

---

[1] As seen in these quotations, the final judgment form used by the district court, unlike the PSR, includes a radio button before the phrase "having a blood alcohol concentration greater than 0.08," such that there is no default definition of "excessive use of alcohol."

simply order the judgment amended, without a full resentencing. *United States v. Clark*, No. 18-1083, slip op. at 9 (7th Cir. Oct. 18, 2018) (affirming with order to correct written judgment to define "excessive use of alcohol"); *United States v. Smith*, No. 16-3575, slip op. at 9–10 (7th Cir. Oct. 16, 2018) (same); *United States v. Givens*, 875 F.3d 387, 391 (7th Cir. 2017) (same).

Next, Hudson challenges a condition restricting his travel during supervised release. At the sentencing hearing, the district court stated, "Once Mr. Hudson is released from custody, he will be directed to remain within the jurisdiction in which he is being supervised, unless he is granted permission to leave." Hudson's attorney requested the condition include Indiana because that is where Hudson's wife lives, expressing some uncertainty himself about "what the districts are there." In response, the district court stated this condition would "include the district where [Hudson's] wife resides as well." But the written judgment simply states, "(14) you shall remain within the jurisdiction where you are being supervised, unless granted permission to leave by the court or a probation officer."

Hudson argues this travel restriction is impermissibly vague, given its use of the undefined term "jurisdiction," and invalid to the extent it fails to expressly permit him to travel to the district in which his wife resides. With respect to vagueness, we have described this same language limiting travel to a "jurisdiction" as "poorly worded," *United States v. Ortiz*, 817 F.3d 553, 555 (7th Cir. 2016), and "impermissibly vague." *United States v. Dickson*, 849 F.3d 686, 690 (7th Cir. 2017) (per curiam). The better term to use in this standard condition is "judicial district," as it denotes geographical (as opposed to

jurisdictional) boundaries. *Cf.* U.S. SENTENCING GUIDELINES MANUAL § 5D1.3(c)(3) (U.S. SENTENCING COMM'N Nov. 2018) ("The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer."). During the sentencing hearing, the district court stated that the term "jurisdiction" in the condition refers to a judicial district: "I directed that [Hudson] will be restricted to travel in the district in which he is supervised. If he is released to the Northern District of Illinois, that would be the Northern District of Illinois." Therefore, we order the term "judicial district" be substituted for the word "jurisdiction" in the written judgment.[2]

As for the failure to include the district in which Hudson's wife resides, this is another obvious technical oversight. The district court orally granted Hudson's request on this point, and an oral sentence controls over a written one whenever the two conflict. *United States v. Johnson*, 765 F.3d 702, 710–11 (7th Cir. 2014). The written judgment must be amended to include the judicial district where Hudson's wife resides.

Before concluding, we note two other points. First, the government's argument that Hudson somehow waived his objections to the above conditions is without merit. Waiver

---

[2] We do not, however, accept Hudson's argument in his reply brief that this condition is vague simply because Hudson himself did not know the geographic boundaries of the Northern District of Illinois. Such boundaries are objectively verifiable. 28 U.S.C. § 93(a) (specifying the Northern District of Illinois's two divisions and the counties comprising each). Arguing a defendant is personally ignorant of what a judgment requires is different than demonstrating the judgment is objectively vague.

requires an intentional relinquishment of a known right, and "we are cautious about interpreting a defendant's behavior as intentional relinquishment." *United States v. Barnes*, 883 F.3d 955, 957 (7th Cir. 2018). Here, both conditions in the written judgment diverge from the district court's oral sentence. During the sentencing hearing, defense counsel reasonably understood the district court as incorporating the definition of "excessive use of alcohol" employed by the PSR. And Hudson's lawyer objected to the travel restriction, prompting the district court to amend it. Due to clerical errors, neither of these qualifications made it into the written judgment, but Hudson could not have predicted that at the time of sentencing. *Smith*, slip op. at 8; *see also R.J. Corman Derailment Servs. v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 650 (7th Cir. 2003) ("[A] party cannot waive something that it does not know is at issue.").

Second, we remind future litigants of Rule 35(a) of the Federal Rules of Criminal Procedure, which provides, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days of sentencing. This appeal might have been avoided had the written judgment been reviewed promptly and the inconsistencies brought to the district court's attention.

Therefore, we REMAND WITH INSTRUCTIONS that the written judgment be amended to include: (1) for purposes of discretionary condition number 7 of Hudson's supervised release, a definition of "excessive use of alcohol" as having a blood alcohol concentration greater than 0.08, and (2) for purposes of discretionary condition number 14, the language, "you shall remain within the judicial district where you are being supervised and the judicial district in which your wife

resides, unless granted permission to leave by the court or a probation officer." Subject to those two corrections, we AFFIRM the judgment of the district court in all other respects.