**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 22, 2019[*]
Decided April 23, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-2820

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 CR 734-1 |
| PHILLIP J. JEFFERSON, *Defendant-Appellant*. | Thomas M. Durkin, *Judge*. |

**O R D E R**

Phillip Jefferson appeals his sentence—specifically, one condition of his supervised release—imposed by the district court after he was convicted of making a false claim against the government, 18 U.S.C. § 287, and stealing government funds, *id.* § 641. Both parties agree that the supervised-release condition requiring him to remain within the jurisdiction is vague and overbroad. We affirm in part, vacate in part, and remand for a limited resentencing hearing.

---

[*] We agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

After a jury found Jefferson guilty, the judge adopted the probation office's proposed recommendations and guidelines calculations and sentenced him to 30 months in prison and 2 years of supervised release. As relevant here, the judge imposed a discretionary supervised-release condition stating: "[Y]ou shall remain within the jurisdiction where you are being supervised, unless granted permission to leave by the court or a probation officer." After reading the condition aloud, the judge asked if Jefferson needed explanation of the conditions or had objections, and Jefferson's counsel replied that he did not.

On appeal Jefferson first contends that the term "jurisdiction" in this condition is impermissibly vague, and he points to our recent cases that hold as much. *See United States v. Hudson*, 908 F.3d 1083, 1084–85 (7th Cir. 2018); *United States v. Dickson*, 849 F.3d 686, 690 (7th Cir. 2017) (per curiam); *United States v. Ortiz*, 817 F.3d 553, 555 (7th Cir. 2016). The government concedes, and we agree, that the wording of this standard condition is flawed. The better term to use for this condition is "judicial district," which suggests geographical, not jurisdictional, boundaries. *See Hudson*, 908 F.3d at 1085.

Jefferson relatedly challenges the condition for omitting a scienter requirement. He notes that the standard supervised-release condition under U.S.S.G. § 5D1.3(c)(3) was revised in November 2016 to include the word "knowingly": "The defendant shall not *knowingly* leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer." § 5D1.3(c)(3) (2016) (emphasis added). True, we have observed that the inclusion of a scienter requirement would "improve" the wording of the condition, *United States v. Kappes*, 782 F.3d 828, 849–50 (7th Cir. 2015); *see also United States v. Johnson*, 911 F.3d 849, 853 (7th Cir. 2018) ("[T]he word 'knowingly' in this condition cures any potential vagueness."), but that language "is not mandatory, and … courts may impose this condition without it," *United States v. Givens*, 875 F.3d 387, 390 (7th Cir. 2017); *United States v. Poulin*, 809 F.3d 924, 931 (7th Cir. 2016).

We are left with the question of how to remedy the problematic condition. The government argues that remand is unnecessary because there is no suggestion that the judge meant anything other than "judicial district" when he used the word "jurisdiction." This court, according to the government, readily could correct the judgment by changing "jurisdiction" to "judicial district." The proper inquiry, however, relates not to the understanding of the judge but that of the defendant, and whether the defendant "correctly understood [jurisdiction] to denote a geographical area, [and]

what the boundaries of that area are." *Ortiz*, 817 F.3d at 555. Unlike *Hudson*, the judge here did not define "jurisdiction" or "judicial district," nor did he explain the boundaries, so there is no reason to assume that the defendant correctly understood what the judge meant by "jurisdiction." *See Hudson*, 908 F.3d at 1085; *see also Ortiz*, 817 F.3d at 555. Thus, remand for a limited resentencing of this condition is warranted. We affirm the judgment in all other respects.