In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-3011

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CORDELL COLLINS, ALSO KNOWN AS UNC,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cr-00367-1 — **John J. Tharp, Jr.**, *Judge.*

ARGUED SEPTEMBER 12, 2019 — DECIDED SEPTEMBER 30, 2019

Before FLAUM, EASTERBROOK, and MANION, *Circuit Judges.*

FLAUM, *Circuit Judge*. Cordell Collins appeals several conditions he must abide by while on supervised release. The first condition he challenges requires him to stay in the "jurisdiction," but the district court's written judgment does not match its oral pronouncement of the condition and its definition at sentencing. Collins did not object to the other two conditions he now disputes when the district court gave him the oppor-

tunity to; rather, he agreed to them, therefore waiving his arguments on appeal. Accordingly, we affirm the district court's judgment in all respects except for its use of the word "jurisdiction" in its written judgment. With respect to that condition, we remand with instructions for the district court to amend its written judgment to substitute the term "federal judicial district" for the word "jurisdiction."

## I. Background

Defendant-appellant Cordell Collins and others engaged in a scheme to defraud several banks through the submission of stolen and altered checks. The scheme netted Collins and his coconspirators $93,215.50. On May 11, 2018, Collins pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344.

Relevant to this appeal, the U.S. Probation Office prepared a presentence investigation report ("PSR") noting in part that Collins was eligible for up to five years of supervised release. The PSR recommended myriad conditions for Collins to follow, including: (i) a discretionary condition requiring Collins to remain in the "jurisdiction" where he would be supervised, unless granted permission to leave by the court or a probation officer (the "Jurisdiction Condition"); (ii) a discretionary condition allowing a probation officer to visit him at work at "any reasonable time" (the "Visitation Condition"); and (iii) a special condition requiring Collins to "perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed," not to exceed 200 hours of service in total (the "Community Service Condition").

Prior to sentencing, Collins filed a memorandum objecting to several issues not contested in this appeal. Notably, however, his memorandum did not dispute any of the conditions of supervised release proposed in the PSR.

At the sentencing hearing on September 11, 2018, the district court reviewed the PSR and imposed a sentence of 55 months' imprisonment followed by five years of supervised release. With respect to conditions of supervised release, the parties and the court engaged in the following colloquy:

> THE COURT: There were no objections, I believe, to the terms and conditions of supervised release that were recommended?
>
> THE DEFENSE: No, Judge.
>
> THE COURT: All right. Then without objection, I am going to impose the terms and conditions of supervised release that are set forth in the presentence investigation report.

Collins requested that the court read the conditions of supervised release, which it did. Important here, the court advised Collins:

> THE COURT: There are a series of conditions here that all relate to the ability of the probation office to monitor you effectively, to know where you are and what you are doing and to be able to communicate with you readily. These include the requirement that you remain within the jurisdiction where you are being supervised unless you're granted permission to leave by the Court or by the probation officer. That district, absent further order of the Court, will be the Northern District of Illinois. …

You must permit visits by probation at any reasonable time and at home or at work or at school or any location where you are serving community service or any other reasonable location specified by the probation office. …

If you have not found employment and if you are not employed after the first 60 days of supervised release, or if you're unemployed for any period longer than 60 days during the term of supervised release, you'll be required to perform at least 20 hours of community service each week at the direction of the probation office. The total amount of community service required by that condition will not exceed 200 hours.

Following the court's recitation of the conditions, Collins asked several questions about restitution but did not inquire about or object to the supervised release conditions.

Several hours after the sentencing hearing, the district court entered its written judgment. In that order, Discretionary Condition of Supervised Release 14 states: "you shall remain within the jurisdiction where you are being supervised, unless granted permission to leave by the court or a probation officer."

Collins now appeals the imposition of the Jurisdiction, Visitation, and Community Service Conditions.

## II. Discussion

We begin by addressing the Visitation and Community Service Conditions because they call for a threshold inquiry into whether Collins waived his objections to them. We end with our analysis of the Jurisdiction Condition.

## A. Waiver of Two Supervised Release Conditions

For the reasons we elaborated on in *United States v. Flores*, 929 F.3d 443 (7th Cir. 2019), we reject Collins's arguments relating to the Visitation and Community Service Conditions because he failed to preserve them. This failure amounts to waiver, or, the intentional relinquishment of a known right. *Id.* at 447–49; *see also United States v. Olano*, 507 U.S. 725, 733 (1993).

As we explained in *Flores*:

[If] a defendant does not address supervised release conditions in the district court, … [w]e will find waiver … when the defendant has notice of the proposed conditions, a meaningful opportunity to object, and she asserts (through counsel or directly) that she does not object to the proposed conditions, waives reading of those conditions and their justifications, challenges certain conditions but not the one(s) challenged on appeal, or otherwise evidences an intentional or strategic decision not to object.

929 F.3d at 450.

Here, Collins had notice of the Visitation and Community Service conditions when he received the PSR prior to filing his sentencing memorandum. Collins then had an opportunity to object to the conditions at the sentencing hearing, which the district court reminded him of and warned him that his failure to object could result in waiver. Instead, Collins, through counsel, affirmatively informed the district court that he had no objections to any of the terms or conditions of supervised release recommended in the PSR.

To be sure, Collins objected to some sentencing enhancements and other matters in his memorandum. Critically, however, Collins neither objected to any conditions of supervised release, nor did he object when the court specifically asked him if he wanted to at the sentencing hearing. This "reflects a strategic reason to forego the argument at the hearing." *United States v. Bloch*, 825 F.3d 862, 873 (7th Cir. 2016) (citations and internal quotation marks omitted); *see also Flores*, 929 F.3d at 448 (inferring that "a defendant's choice to raise certain objections at sentencing, but not others, was strategic and intentional." (citations omitted)).

Because Collins had notice of, and the opportunity to object to, the Visitation and Community Service Conditions of supervised release in the district court, yet neglected to do so, he waived his challenges to those conditions on appeal. Collins's waiver precludes our review of those two conditions.

## B. Jurisdiction Condition

The Jurisdiction Condition is unlike the other two conditions we just discussed. Collins argues that this travel restriction is ambiguous because the written judgment does not define its use of the word "jurisdiction." In recent years, "we have described this same language limiting travel to a 'jurisdiction' as 'poorly worded,' … and 'impermissibly vague.'" *United States v. Hudson*, 908 F.3d 1083, 1084–85 (7th Cir. 2018) (citations omitted); *see also United States v. Ortiz*, 817 F.3d 553, 555 (7th Cir. 2016) ("There is no definition of 'jurisdiction,' and no reason to think that the defendant would understand what it meant and, if he correctly understood it to denote a geographical area, what the boundaries of that area are.").

The better term to use for this condition is "federal judicial district" because it suggests geographical, not jurisdictional, boundaries. *See Hudson*, 908 F.3d at 1085 (citing U.S.S.G. § 5D1.3(c)(3) ("The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.")); *see also* 28 U.S.C. § 93(a) (defining the geographic boundaries of the Northern District of Illinois).

In this case, the written judgment does not define the word "jurisdiction," so Collins rightly opposes this condition as vague. Furthermore, we agree with Collins that he preserved this argument for appeal. At the sentencing hearing, the district court orally explained to Collins that he must remain in the jurisdiction where he was being supervised, establishing "[t]hat district, absent further order of the Court, [as] the Northern District of Illinois." There is, of course, no vagueness problem with that language.

But the trouble is that the court's use of "jurisdiction" in the applicable condition in its written judgment does not include its oral definition of that word. Collins never agreed to that undefined word because he never had an opportunity to do so. As a result, Collins did not forfeit, let alone waive, an objection to the Jurisdiction Condition. *See Hudson*, 908 F.3d at 1085 (first citing *United States v. Smith*, 906 F.3d 645, 650–51 (7th Cir. 2018); then citing *R.J. Corman Derailment Servs. v. Int'l Union of Operating Eng'rs Local Union 150*, 335 F.3d 643, 650 (7th Cir. 2003) ("[A] party cannot waive something that it does not know is at issue.")). Simply put, we cannot reasonably expect a criminal defendant to predict future clerical errors at the time of his sentencing.

Requiring that a subsequent written judgment not conflict with the oral pronouncement at sentencing "ensure[s] that the defendant has ample opportunity to object. [It] also prevent[s] uncertainty over what conditions or version of a condition the district court intended to impose; liberty should not turn on guess-work." *Smith*, 906 F.3d at 651 (citation omitted); *see also Bloch*, 825 F.3d at 871–72 (citing *United States v. Kappes*, 782 F.3d 828, 843 (7th Cir. 2015)).

The question remains how we should remedy this problematic condition. We remanded *Hudson* for the limited purpose of correcting the written judgment because we recognized how important it is for the judgment and commitment order to conform to the district court's controlling oral sentence. 908 F.3d at 1085. We chart the same course here.

We appreciate that, during the sentencing hearing, the district court clarified that the term "jurisdiction" in the condition refers to a federal judicial "district," namely, the "Northern District of Illinois." This was an adequate oral explanation based on our recent precedent. But, the court, in reducing its judgment to writing, overlooked including its oral qualification. We think the oral and written judgment are, as a matter of law, one and the same. That means they should match.

This unity is a far cry from mere formalism. The written judgment is the order that the Bureau of Prisons and the U.S. Probation Office will enforce as Collins serves his sentence, potentially in another judicial district. *See Smith*, 906 F.3d at 651 (harmonizing the written judgment with its oral pronouncement averts any future confusion over what version of a condition the district court imposed); *United States v. Dickson*, 849 F.3d 686, 691 (7th Cir. 2017) (similar).

For that reason, we take this opportunity to urge the district courts in this Circuit to take care to enter written judgments in criminal cases that correspond to their oral pronouncements at sentencings. We acknowledge that the Probation and Clerk's Offices play vital roles in this process. At day's end, however, courts enter judgments.

Indeed, the judgment and commitment order used by the court in this case is a fillable form (Form Number AO 245B, to be exact) issued by the Judicial Conference, approved by the Sentencing Commission, and provided by the Administrative Office of the U.S. Courts. *See* Admin. Office of the U.S. Courts, Judgment in a Criminal Case, https://www.uscourts.gov/sites /default/files/ao245b.pdf (last visited Sept. 18, 2019). We presume that the Executive Committee of the U.S. District Court for the Northern District of Illinois has adopted the use of this form. Ensuring the uniformity of criminal judgments districtwide (not to mention circuit and nationwide) makes sense.

That said, part and parcel of uniformity is updating. The form on the U.S. Courts website maintained by the Administrative Office indicates it was revised in February 2018. In contrast, the form on the web page for the U.S. District Court for the Northern District of Illinois shows it was last revised on August 2, 2016. *See* U.S. District Court for the Northern District of Illinois, Judgment in a Criminal Case, https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_ online/AO245B.pdf (last visited Sept. 18, 2019). This distinction has consequence: The Administrative Office's form uses the term "federal judicial district" in its standard conditions of supervision, while the Northern District of Illinois's form

still includes the outdated word "jurisdiction." We suggest the Executive Committee remedy this matter.

We are optimistic that our observations today will help address the recent influx of supervised release condition appeals in this Court. But we would be remiss if we did not "remind future litigants of Rule 35(a) of the Federal Rules of Criminal Procedure, which provides, 'the court may correct a sentence that resulted from arithmetical, technical, or other clear error' within 14 days of sentencing." *Hudson*, 908 F.3d at 1085. Like several of these appeals, this one "might have been avoided had the written judgment been reviewed promptly and the inconsistencies brought to the district court's attention." *Id.*

## III. Conclusion

For the reasons stated above, we AFFIRM the district court's judgment in all respects except its use of the word "jurisdiction" in Discretionary Condition of Supervised Release #14. With respect to that condition, we REMAND WITH INSTRUCTIONS for the district court to amend its written judgment to substitute the term "federal judicial district" for the word "jurisdiction."