**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2019
Decided October 24, 2019

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-3100

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:13-CR-00952(1) |
| ERIC ROGERS, *Defendant-Appellant.* | Jorge L. Alonso, *Judge.* |

**O R D E R**

Eric Rogers pleaded guilty to conspiring to commit a Hobbs Act robbery, 18 U.S.C. § 1951(a), and brandishing a firearm during a robbery. 18 U.S.C. § 924(c). His plea agreement contains a waiver. Rogers "waive[d] the right to appeal his conviction, any pre-trial rulings by the court, and any part of the sentence" if the government moved under "Guideline § 5K1.1" to reduce his sentence for providing it with substantial assistance. The government so moved, and the court granted the motion. It sentenced Rogers to 210 months' imprisonment and concurrent three-year terms of supervised release. Rogers now appeals from that final judgment. His lawyer, however, moves to withdraw from the appeal, arguing that it is frivolous. *See Anders v. California,*

386 U.S. 738 (1967). Counsel's brief appears to address adequately the issues that an appeal of this kind might be expected to raise, so we limit our review to those subjects. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

First, counsel explores whether Rogers could challenge his guilty plea. Although Rogers waived his right to challenge his conviction, "[a]n appeal waiver stands or falls with the underlying guilty plea." *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). The plea's validity depends on whether, based on the plea colloquy, Rogers's plea was knowing and voluntary. *See id*. Rogers wants to challenge his plea, but he did not move to withdraw his guilty plea in the district court, so we would review a challenge for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Counsel considers arguing that the plea was not knowing or voluntary because, in the only deviation from the colloquy required by Rule 11, the court did not inform Rogers of its authority to impose restitution or enter a forfeiture judgment. *See* FED. R. CRIM. P. 11(b)(1)(J), (K). But we agree with counsel that a challenge on these grounds would be frivolous. As counsel explains, the plea agreement informed Rogers that he would have to pay up to $250,000 on each count, and he testified that he reviewed the agreement with counsel and understood its terms. *See United States v. Adams*, 746 F.3d 734, 746–47 (7th Cir. 2014).

Next, counsel ponders whether Rogers could challenge the constitutionality of the statutes under which he was convicted. Rogers's guilty plea does not foreclose constitutional challenges to the statutes. *See Class v. United States*, 138 S. Ct. 798, 803–05 (2018). Nonetheless, any such arguments would be frivolous. The Hobbs Act, 18 U.S.C. § 1951(a), is based on "the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence." *Taylor v. United States*, 136 S. Ct. 2074, 2079 (2016) (quoting *Stirone v. United States,* 361 U.S. 212, 215 (1960)). And a conviction under 18 U.S.C. § 924(c)(3)(A) for brandishing a firearm during a "crime of violence" is constitutional where the crime is Hobbs Act robbery, as occurred here. *See United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017).

Counsel then considers, and rightly rejects, a potential challenge to Rogers's prison sentence. Rogers waived his right to appeal "any part of the sentence" if the government moved to reduce his sentence under § 5K1.1 of the Guidelines, which it did. Thus, any challenge to the sentence would be fruitless. *See United States v. Polak*, 573 F.3d 428, 432 (7th Cir. 2009). Moreover, the sentence is within the guideline range

and below the statutory minimum. Given the waiver and the within-range sentence, any attack on the substantive reasonableness of the sentence would be pointless.

Finally, counsel evaluates whether Rogers could challenge any conditions of supervised release. Although the waiver would block this challenge, counsel notes a discrepancy between the oral pronouncement and the written condition regarding Rogers's freedom of movement. Even aside from the waiver, counsel correctly concludes that an argument on this issue would be frivolous. At sentencing, the district court orally forbade Rogers from leaving the "judicial jurisdiction," using language that we have discouraged because of its vagueness. *See United States v. Hudson*, 908 F.3d 1083, 1084–85 (7th Cir. 2018). But the court immediately and appropriately clarified that the term "jurisdiction" referred to the geographic "boundaries of the Northern District" in which Rogers would be supervised. And the written judgment properly forbids Rogers from "knowingly leaving the judicial district" of supervision. Thus, no correction is needed. *See United States v. Collins*, 2019 WL 4744706, at *3–4 (7th Cir. Sept. 30, 2019) (requiring corrective remand only where the word "jurisdiction" rather than "district" appears in written judgment).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.