NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 10, 2020
Decided April 10, 2020

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 19-2109

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, <br><br> *v.* <br><br> ANTOINE JACKSON, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 1:18-CR-00137(1) <br><br> Ronald A. Guzmán, <br> *Judge*. |

**O R D E R**

Antoine Jackson pleaded guilty to unlicensed dealing in firearms, 18 U.S.C. § 922(a)(1)(A), carrying a firearm during drug trafficking, 18 U.S.C. § 924(c)(1)(A), and distributing heroin, 21 U.S.C. § 841(a)(1), and was sentenced to 138 months' imprisonment. Jackson appealed, but his appointed counsel now argues that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 746 (1967). Counsel's brief explains the nature of the case and addresses potential issues that we might expect an appeal of this kind to involve, so we limit our review to the subjects she

discusses and the arguments Jackson raises in his Circuit Rule 51(b) response.
*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first tells us that Jackson seeks to challenge his plea, so she considers challenging whether the plea was knowing and voluntary, but she properly concludes that such a challenge would be frivolous. She has discussed with Jackson the possible disadvantages associated with this challenge. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). As counsel notes, the plea colloquy demonstrates that the district court complied with Federal Rule of Criminal Procedure 11 to ensure that Jackson's plea was knowing and voluntary. The district court asked Jackson if anyone had threatened him or had attempted, in any way, to force him to plead guilty. FED. R. CRIM. P. 11(b)(2). It also explained the nature of the charge, the statutory minimum of five years' imprisonment, and the statutory maximum of life imprisonment. FED. R. CRIM. P. 11(b)(1)(G)–(I). By pleading guilty, the court explained, Jackson was waiving his right to a trial, FED. R. CRIM. P. 11(b)(1)(F), and limiting his right to appeal.

Counsel next considers whether Jackson could challenge the adequacy of the factual basis for his plea. First, she asks whether Jackson might be entitled to receive relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), which requires the government in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2) to prove that the defendant knew that he was barred from possessing a firearm. But counsel appropriately concludes that this argument would be frivolous because Jackson, albeit charged with several counts of being a felon in possession of a firearm, *see id.* § 922(g)(1), did not plead guilty to—and thus was not convicted of—any of these counts. Counsel relatedly asks whether Jackson could challenge the factual basis for his § 924(c)(1)(A) conviction, given his denial that he carried a gun during the drug transactions and his insistence that evidence provided by a confidential informant was inadmissible. But at the plea colloquy Jackson admitted to the facts as stated by the government—including that he had a gun when he sold heroin to a confidential informant—and we would presume that facts admitted to at a Rule 11 colloquy are true. *United States v. Bowlin*, 534 F.3d 656, 659–60 (7th Cir. 2008).

Counsel next considers whether Jackson could challenge his sentence but correctly concludes that it would be frivolous to do so. The court correctly calculated a total offense level of 27 and a criminal history category of II, which yielded a guidelines range of 78 to 97 months' imprisonment for unlicensed firearms dealing, *see id.* § 2K2.1(a)(3), (b)(1)(A), (b)(5), and distributing heroin, *see id.* § 2D1.1(a)(5), (c)(10). The court also properly assessed and imposed the guidelines sentence of 60 months'

imprisonment for carrying a firearm while drug trafficking. *See* U.S.S.G. § 2K2.4(b). Further, Jackson's within-guidelines sentence is presumptively reasonable. *See United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The court imposed concurrent terms of 60 months' imprisonment for unlicensed firearms-dealing and 78 months' imprisonment for distributing heroin, below and at the low-end of the guidelines range, respectively. Moreover, the court adequately justified its 138-month sentence with reference to the factors in 18 U.S.C. § 3553(a), stating that this sentence was needed to deter "the distribution and illegal use of firearms" and to protect the public from "violence caused mostly by firearms and shootings going on in our streets almost constantly."

Counsel contemplates challenging the conditions of supervised release that Jackson objected to at sentencing, but rightly concludes that doing so would be frivolous. At sentencing, Jackson objected to the maximum number of drug tests to which he could be subjected, but it was within the court's discretion to set a high maximum; probation officers may exercise discretion "under that ceiling" and probationers may petition later to lower that number. *United States v. Crisp*, 820 F.3d 910, 916 (7th Cir. 2016). Similarly, it would be frivolous for Jackson to challenge the condition that he perform at least 20 hours of community service per week if he remained unemployed after 60 days of supervision: The court had discretion to impose this condition as long as it addressed the benefits and burdens of community service, *see United States v. Ortiz*, 817 F.3d 553, 555–56 (7th Cir. 2016), and here the court justified such service as allowing Jackson to "reintegrate into society [and] build pro-social networks."

Jackson, for his part, chiefly argues that he was arrested without probable cause because the affidavit attached to his warrant relied on information from a confidential source. But he waived this non-jurisdictional argument by pleading guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Adigun*, 703 F.3d 1014, 1018–19 (7th Cir. 2012). He also wrongly disputes our jurisdiction based on the mistaken belief that his criminal case was heard in bankruptcy court. His case was heard in a federal district court, which had jurisdiction over his case under 18 U.S.C. § 3231.

We GRANT counsel's motion to withdraw and DISMISS the appeal.