NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 10, 2020
Decided November 16, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-3541

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:19-cr-00111-jdp-1 |
| JEFFREY J. PARKER, *Defendant-Appellant*. | James D. Peterson, *Chief Judge*. |

## O R D E R

On August 16, 2019, Jeffrey Parker walked into the Summit Credit Union in Portage, Wisconsin, pulled out a gun, shouted "hands up," zip-tied some employees, robbed the place of $11,312.99 (including $55.00 worth of stamps), and fled in a silver Ford Fusion. Police quickly located the Fusion on the road. A high-speed chase ensued and ended when Parker crashed into a FedEx truck. The officers pulled Parker from the car, arrested him, and found $143.00 on his person. They also searched the vehicle. Among other incriminating evidence, the officers discovered a pillowcase containing

$11,314.00 (including $55.00 worth of stamps).[1]  The government seized the money (and stamps).

Parker was charged with committing bank robbery by force, violence, and intimidation in violation of 18 U.S.C. § 2113(a). He pled guilty on October 3, 2019, and agreed to pay restitution for losses relating to the offense. Parker and the government couldn't agree to the amount of restitution, however, so it was left to the district court to determine.

At the sentencing hearing on December 19, 2019, the district court concluded that restitution was appropriate in the following amounts: $11,312.99 to the credit union; $13,188.66 to the insurer of the FedEx truck; and $1,000.00 to the truck's owner—all totaling $25,501.65. The district court stated that it would impose "the restitution to the credit union" and that "the money seized will be credited to that restitution." Moments later, the court reiterated that "[a]s of the date of the hearing, I believe law enforcement has recovered $11,457 from the defendant at the time of his arrest, and that has been credited toward restitution." At no point did Parker object to the restitution to the credit union.

The court's written judgment likewise ordered Parker "to pay mandatory restitution in the amount of $25,501.65," with $11,312.99 of it going to the credit union. Yet again, the judgment stated that "[a]s of the date of this hearing, law enforcement recovered $11,457 from the defendant at the time of his arrest that has been applied toward restitution." The court sentenced Parker to 132 months' imprisonment, with restitution payments to begin after his release.

On December 27, 2019, Parker filed this appeal. The only question on appeal is whether the district court erred by ordering that $11,312.99 in restitution was due to the credit union while the government still held the $11,457.00 recovered from Parker upon his arrest. Because Parker did not object to this portion of the district court's order, we review for plain error. *See United States v. Dridi*, 952 F.3d 893, 898 (7th Cir. 2020).

Parker argues that federal law required the district court to order the government to return the recovered money to the credit union rather than include that amount in the restitution order. *See* 18 U.S.C. § 3663A(b)(1)(A) (district court must order "return [of] the property to the owner of the property"); *id*. § 3663A(b)(1)(B) (only when

---

[1] The $1.01 discrepancy between the amount found in the pillowcase and the amount discerned to have been stolen after an audit of the teller drawers is presumably due to a rounding error.

return of the property is "impossible, impracticable, or inadequate" may the court require the defendant to pay the value of the property lost). In support, Parker points to *United States v. Anderson*, in which the district court ordered Anderson to pay restitution of an amount that the government recovered but did not prove was "unreturnable" to the victim bank. 866 F.3d 761, 768 (7th Cir. 2017). In that case, we held that the district court committed plain error because "the order of restitution, by obligating Anderson to repay the value of those proceeds, erroneously exceed[ed] the proven loss." *Id.*

However, in the case now before us, we conclude that the district court did not commit plain error. Here, the district court clearly stated multiple times that the amount recovered by law enforcement "has been credited toward restitution." That means what it says. And as far as we can tell, the district court, Parker, and the government all understood that Parker would not ultimately be required to pay restitution to the credit union because the government would return the seized money. That was not the situation in *Anderson*, where the government had no intention of returning the recovered proceeds and the court's order "obligat[ed] Anderson to repay the value of those proceeds." *Id.* So, for all its similarities, *Anderson* is nevertheless inapposite. We cannot say that there was any "error that was plain" and that "affected the defendant's substantial rights." *Dridi*, 952 F.3d at 899.

We learned during oral argument, however, that the government had returned the money while this appeal was pending. Counsel for Parker told us that the money "has been given to the Clerk's Office and returned." Counsel for the government told us that "the money was returned through the Clerk of Court's Office," and he also said that the current "summary of debt balances … states that the $11,312.99 was applied to the restitution going towards the Summit Credit Union," and further, that the additional money found on Parker was put toward the remainder of the restitution owed.

Everybody agrees, then, that the money has been returned. That is, at bottom, what Parker wants. (Appellant's Br. at 9 ("[L]aw enforcement should be required to return that property to the bank … .").) Parker's appeal is therefore moot in that respect; we can't instruct the district court to order the government to return money that it has already returned. *Cf. United States v. Balint*, 201 F.3d 928, 936 (7th Cir. 2000) (holding that the appeal "became moot when [a] codefendant … paid the restitution bill in full.").

However, Parker also wants the district court to amend its order to make it absolutely clear (particularly to the Bureau of Prisons) that payment of restitution to the credit union has been satisfied. (Appellant's Br. at 9 ("[N]o restitution should be

ordered against Mr. Parker regarding that property.").) Now that the money has been returned by the government to the clerk of the district court, an order by the district court reflecting the current status of restitution seems to be the only relief that can be provided.[2]

We therefore AFFIRM the district court's order of restitution when entered and REMAND with instructions that the district court confer with counsel for Parker and the government and thereafter enter an updated order reflecting that restitution to the credit union has been satisfied.

---

[2] We wondered at oral argument why this technical issue was not dealt with in the district court. Parker's counsel told us that Parker did not move the district court for relief because this appeal was already pending. But we don't see any obstacle that would have prevented the district court from promptly resolving this issue in the first instance. *E.g.*, *United States v. Hudson*, 908 F.3d 1083, 1085 (7th Cir. 2018) ("[W]e remind future litigants of Rule 35(a) of the Federal Rules of Criminal Procedure, which provides, 'the court may correct a sentence that resulted from arithmetical, technical, or other clear error' within 14 days of sentencing. This appeal might have been avoided had the written judgment been reviewed promptly and the inconsistencies brought to the district court's attention."). And a motion before the district court would have suspended the time to file an appeal. *See United States v. Ibarra*, 502 U.S. 1, 6 (1991) (a motion to reconsider filed within the time for appeal suspends the finality of a decision in criminal litigation); *United States v. Rollins*, 607 F.3d 500, 501–02 (7th Cir. 2010) (same).